IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TREVELIS DIVINCI JACKSON,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:24-CV-100-MTT-AGH |
| Warden **GREGORY SAMPSON,** *et al.*, | ; |
| **Defendants.** | : |

### ORDER

Plaintiff Trevelis Divinci Jackson, a prisoner in Phillips State Prison in Buford, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*. ECF Nos. 1; 3.

The Court informed Plaintiff that both his complaint and motion to proceed *in forma pauperis* were deficient. ECF No. 4 at 1. The Court noted that Plaintiff sought to raise numerous, seemingly unrelated claims and "[o]ther than conclusory allegations," he failed to provide "factual detail to support these wide-ranging complaints." *Id.* at 2. The Court allowed Plaintiff one opportunity to amend his complaint and told him to raise only related claims and tell the Court exactly how and when each defendant violated Plaintiff's constitutional or federal statutory rights. *Id.* The Court also ordered Plaintiff to provide a copy of his certified trust fund account statement. *Id.* at 3.

Plaintiff filed a recast complaint and a copy of his trust fund account statement. ECF Nos.

5; 6. Based on information contained within the trust fund account statement, Plaintiff was ordered to pay an initial partial filing fee in the amount of $10.83. ECF No. 7. Plaintiff failed to pay the initial partial filing fee. The Court, therefore, ordered Plaintiff to show cause why his case should not be dismissed for failure to comply with the Court's Order. ECF No. 12.

Plaintiff filed an untimely response to the Order to Show Cause. ECF Nos. 13; 14. He explained that Dooly State Prison, where he was confined at the time, was experiencing mail delays. He, therefore, did not receive the Court's May 31, 2024 Order until July 1, 2024. ECF No. 13. Plaintiff cannot be faulted for delays in the prison systems' mail. Plaintiff also stated that he requested the $10.83 be forwarded to the Court and provided another copy of his trust fund account statement, which shows he made this request on April 30, 2024. ECF No. 14 at 1. While the Court has not received the initial partial filing fee, it appears that Plaintiff attempted to comply with the Court's Order and his failure to comply was "caused by circumstances beyond his control." *Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2012). Thus, Plaintiff should not be penalized for failing to pay the initial partial filing fee and the Court will process his complaint without payment of the $10.83. Money will be deducted from Plaintiff's prison trust fund account in accordance with the instructions provided in the April 24, 2024 Order. ECF No. 7.

Plaintiff's action is now ready for the preliminary review required by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). The Court **GRANTS** Plaintiff's motion to amend (ECF No. 10) and **DENIES** his motion for preliminary injunction (ECF No. 15) and motion for court order to allow Plaintiff to obtain contact information (ECF No. 18). After reviewing the recast complaint as

amended, the Court orders that the action be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and failure to follow the Court's instructions.

## MOTION TO AMEND

After filing his recast complaint (ECF No. 5), Plaintiff moved to amend the recast complaint to "add[] [a] new legal claim and/or more facts"1 (ECF No. 10). He explained that "[s]ince the filing of the original complaint, defendant(s) have caused ACTUAL INJURY to a different case previously filed causing dismissal by interfering with legal mail (missing filing DEADLINE), denying access to courts." ECF No. 10 at 1. Plaintiff may amend as a matter of right. Fed. R. Civ. P. 15(a)(1)(A)-(B). Thus, his motion to amend is **GRANTED**. The recast complaint, as amended, must be screened pursuant to 28 U.S.C 1915A and 28 U.S.C. 1915(e)(2). For reasons discussed below, the recast complaint, as amended, is **DISMISSED** without prejudice.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for a preliminary injunction, stating that he did not receive the Court's May 31, 2024 Order to Show Cause (ECF No. 12) until July 1, 2024, "which means [his] mail is being held for retalatory (sic) reasons, to disrupt [his] cases" (ECF No. 15). Plaintiff states he wants a "preliminary injunction to cease the retalatory (sic) conduct so Plaintiff can adequately prosecute

---

[1] "[A]n amended complaint supersedes the initial complaint unless the amended complaint 'specifically refers to or adopts'" or "incorporate[s]" the initial complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. 2103) (quoting *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). In this case, Plaintiff's motion to amend shows he wants to add a claim or facts. ECF No. 10. Thus, it seems clear that Plaintiff wants to add to his recast complaint as opposed to replace it. The Court, therefore, considers both the recast complaint (ECF No. 5) and the amendment (ECF No. 10) in this preliminary review of Plaintiff's action under 28 U.S.C. 1915A and 28 U.S.C. 1915(e)(2).

his civil suits or possibly grant the Plaintiff (Trevelis Jackson) full relief. If defendants weren't guilty of alleged complaints, they'd have no reason to interfere." ECF No. 15 at 1.

Plaintiff also complains that he requested the Dooly State Prison business office pay the initial partial filing fee that the Court ordered in this case, but "no payment was made." *Id*. Thus, the "delay/interference by non-payment cause (sic) an [a]ctual [i]njury to all cases in progress." *Id*. (internal quotation marks omitted).

To obtain a preliminary injunction, Plaintiff must show:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (citations omitted). A "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)); *Northeastern Fla. Chapter v. Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990).

Plaintiff was incarcerated in Dooly State Prison when he filed this action and his motion for a preliminary injunction. ECF Nos. 1; 15. Plaintiff was transferred from Dooly State Prison and is now incarcerated in Phillips State Prison. ECF No. 17. Thus, any request for injunctive relief is moot. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (citations omitted); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted). Even if not mooted by his

4

transfer, Plaintiff cannot show a substantial likelihood of success on the merits in his underlying case. In fact, as discussed below, the case is being dismissed for failure to state a claim and failure to follow the Court's instructions. Additionally, Plaintiff has not shown an irreparable injury will be suffered unless the injunction is issued. While Plaintiff speculates that unspecified officials are delaying his mail to retaliate against him, his mail may be delayed for any number of reasons. The Court has taken no negative action against Plaintiff due to the delay in his mail or his failure to pay the initial partial filing fee. Plaintiff's case is being dismissed for failure to state a claim upon which relief may be granted and failure to follow the Court's instructions, not for failure to timely respond or pay the initial partial filing fee.

Plaintiff's motion for a preliminary injunction (ECF No. 15) is, therefore, **DENIED**.

### MOTION FOR COURT ORDER TO ALLOW PLAINTIFF TO OBTAIN CONTACT INFORMATION

Plaintiff moves the "Court to issue an order under Rule 56(d) of the Civil Rules of Federal Procedure (sic) to allow Plaintiff to obtain contact info[rmation]" for three different psychologists at three different prisons. ECF No. 18. Federal Rule of Civil Procedure 56(d) is available when a motion for summary judgment is pending. There is no pending motion for summary judgment in this case. This action is being dismissed for failure to state a claim upon which relief may be granted and failure to follow the Court's instructions. This motion is, therefore, **DENIED**.

### PRELIMINARY REVIEW OF PLAINTIFF'S RECAST AND AMENDED COMPLAINTS

I.  <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a

5

preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the

complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

The Court ordered Plaintiff to list each defendant he wanted to sue in the heading of his complaint and, in the body of the complaint, list them again and tell the Court exactly how and when each defendant violated his constitutional or federal statutory rights. ECF No. 4 at 2. In the heading of his recast complaint, Plaintiff lists the following defendants: "(Warden) Gregory Sampson, (Counselor) Edgar, (Sgt.) Officer Lockhart, (Mental Health) Magee, Chief Counselor (Jane Doe) Jackson." ECF No 5 at 1. In the "Statement of Claim" section of his complaint, Plaintiff lists Sampson, Edgar, Magee, and Jackson. *Id*. at 5. However, as discussed below, he fails to tell the Court exactly how or when each Defendant violated his rights. Instead, he provides little more than labels and conclusory allegations. Additionally, there is no mention of

7

"(Sgt.) Officer Lockhart" in his "Statement of Claim."[2]  *Id*.

Plaintiff states that he requested Counselor Edgar to provide him information regarding his "re-entry concerns," such as "PIC credits, possible TC Transitional Center (work release), and good time credits." ECF No. 5 at 5. According to Plaintiff, Counselor Edgar "refuse[d] to adequately assist" him and failed to use "reasonable care." *Id*. He alleges that Edgar acted with "negligence," and breached the "Offender Handbook contract." *Id*. Plaintiff states that Defendant Edgar acted "[d]eliberately indifferent having being (sic) informed of mental health case and continued to offer assistance with [i]ntention to inflict [e]motional [d]istress, which violates [Plaintiff's] 8th Amendment right, that constitutes cruel and unusual punishment." *Id*. (internal quotation marks omitted).

Plaintiff alleges that mental health counselor Magee "refuse[d] to counsel" Plaintiff. *Id*. According to Plaintiff, Magee was aware of his "mental health condition" but acted "deliberately indifferent." *Id*. She "denied medical care" and "showed cruel and usual punish[ment]," which "violates [the] 8th Amendment right of the [C]onstitution." *Id*.

Plaintiff states that Chief Counselor Jackson "learns of the violations and fail (sic) to adequately train subordinates." *Id*. Jackson acts "[d]eliberately [i]ndifferent after being

---

[2] Plaintiff's failure to follow the Court's instructions provides an additional reason for the dismissal without prejudice of this action. The Court instructed Plaintiff to list each defendant in the body of his complaint and link each named defendant to a claim or claims. *Id*. He was also instructed to provide information regarding exactly how each defendant violated his rights. *Id*. The Court warned Plaintiff that his failure to follow the Court's instructions would result in dismissal of his action. *Id*. Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'" *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of pro se prisoner's complaint for failure to follow court's instructions).

informed of [Plaintiff's] conditions." *Id*. Plaintiff accuses Jackson of "[a]ssisting others as [Plaintiff] watch[es] after making a request for her assistance per coworker and handbook procedure w/(evil intent) [i]ntentional [i]nfliction of [e]motional [d]istress." *Id*. (internal quotation marks omitted).

Plaintiff alleges Warden Sampson "learned of the violation of [his] rights and failed to do anything to fix the situation." *Id*. While unclear, Plaintiff seems to state that Sampson is responsible for "operation and welfare." *Id*.

In his motion to amend, Plaintiff states that "[s]ince the filing of the original complaint, defendant(s) have caused ACTUAL INJURY to a different case previously filed causing dismissal by interfering with legal mail (missing filing DEADLINE), denying access to courts." ECF No. 10 at 1.

III. Analysis

Plaintiff's complaint must be dismissed for several reasons: (1) failure to plead factual support for his conclusory allegations; (2) failure to plead violations of the Constitution or federal statutory law; (3) failure to link claims to a named defendant; and (4) failure to adequately allege that supervisory officials personally participated in, or had some other causal connection to, constitutional violations.

Pro se parties, such as Plaintiff, must comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms.*, Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (noting that although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings"). A pro se

9

complaint must state a claim upon which the Court can grant relief. Even construing Plaintiff's recast complaint and amendment liberally, he provides only conclusory allegations and labels without any factual support. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) (stating that while pro se parties are held to less stringent pleadings standards than represented parties, they still must plead "some factual support for a claim"). For example, he alleges that Counselor Edgar, mental health counselor Magee, and Chief Counselor Jackson all "acted [d]eliberately [i]ndifferent." ECF No. 5 at 5. He states that Counselor Edgar intended to "[i]nflict [e]motional [d]istress," and violated Plaintiff's "8th Amendment [r]ights," while Magee "acted [d]eliberately [i]ndifferent" and her denial of "medical care" amounted to "cruel and usual punish[ment]." *Id*. In his amendment, he alleges unnamed defendants caused an actual injury when an unspecified case was dismissed and, therefore, his right to access the courts has been violated.[3] ECF No. 10. Plaintiff provides no factual support or factual details for these conclusory allegations.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic*

---

[3] Plaintiff filed his motion to amend the recast complaint on May 6, 2024. ECF No. 10. Plaintiff failed to tell the Court who interfered with this legal mail or what case was dismissed. Plaintiff has filed one other case in this Court, and it is still pending. *See Jackson v. Alexander*, 1:23-cv-209-LAG-TQL (M.D. Ga. Sept. 11, 2024) (last docket entry is an order allowing Plaintiff an extension to complete discovery and respond to Defendant's Motion for Judgment on the Pleadings). On May 6, 2024, a 42 U.S.C. § 1983 that Plaintiff filed in the United States District Court for the Southern District of Georgia was still pending. *See Jackson v. Perry*, 3:24-cv-15-DHB-BKE (S.D. Ga. March 25, 2024) (complaint filed). That action was dismissed on July 12, 2024, which is more than two months after Plaintiff filed his motion to amend in this case. Plus, the case was dismissed for failure to state a claim upon which relief may be granted, not for failure to timely respond. *Id*. at ECF No. 14 (order dismissing action). A review of court records on the U.S. District Web PACER Docket Report reveals no other civil or criminal action that was pending on or around May 6, 2024. Thus, the Court has no way of knowing to what case Plaintiff is referring in his May 6, 2024 motion to amend. ECF No. 10.

*Corp.* v. *Twombly*, 550 U.S. 545, 555 (2007) (citation omitted) (stating that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). [C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. Ltd., v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

To state a viable claim for relief under § 1983, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a federal statute. *Hale,* 50 F.3d at 1579. It is well settled that a breach of agency rules, regulations, or Standard Operating Procedures does not, without more, amount to a constitutional violation. *United States v. Caceres*, 440 U.S. 741, 751–52 (1979) (violations of agency regulations alone do not raise constitutional questions); *Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) (stating that "procedural requirements set out in [the governmental agency's] regulation are not themselves constitutional mandates"). Thus, neither Counselor Edgar's breach of the "Offender Handbook" nor Chief Counselor Jackson's failure to abide by the "coworker and handbook procedure," without more, amount to a violation of federal statutory law or the United States Constitution. Consequently, these allegations fail to state a claim upon which relief may be granted.

Neither the Constitution nor any federal law requires that Plaintiff be provided with information regarding his "re-entry concerns." ECF No. 5 at 5. Thus, Plaintiff's statement that Counselor Edgar is negligent or failed to take "reasonable care" in providing this information fails

to state a claim upon which relief may be granted. *See generally Rhodes v Chapman*, 452 U.S. 337, 348 (1981) (stating that diminished educational opportunities and delays in receiving educational information "do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments").

Plaintiff has not linked any claim to "(Sgt.) Officer Lockhart." ECF No. 5 at 1. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotation marks and citations omitted). A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed to allege facts that connect those defendants with any claim); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Thus, in the absence of any connection between Lockhart and any alleged unconstitutional deprivations, Plaintiff fails to state a claim for relief against him.

Plaintiff apparently seeks to hold Chief Counselor Jackson and Warden Sampson liable for the actions or inactions of their subordinates. He alleges Chief Counselor Jackson "learn[ed] of the violations and fail[ed] to adequately train subordinates" and Sampson "learned of the violation of [his] rights and failed to do anything to fix the situation." ECF No. 5 at 5. Plaintiff has failed

to allege that any of Jackson's and Sampson's "subordinates" violated his protected rights. Thus, Jackson and Sampson cannot be liable for failing to train their subordinates or failing to otherwise "fix the situation" after learning of a subordinate's actions. *Id*.

Additionally, "'supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'" *Keith v. Dekalb Cnty*., 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). "'[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.'" *Id*. at 1048 (citation omitted). A supervisor is liable under § 1983 if he or she personally participated in the unconstitutional conduct. *Id*. at 1047. Alternatively, a supervisor is liable if there exists a causal connection between the "supervisor's actions and the alleged constitutional violation." *Id*. at 1048 (citation omitted). Causal connections can be established by widespread abuse that puts a supervisor on notice. *Id*. But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (citation omitted). Alternatively, a plaintiff may state the necessary causal connection when he alleges "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (citation omitted). In relation to the latter causal connection, the Eleventh Circuit has held that "[a] causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so." *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1190 (11th

Cir. 2011) (citing *Keating v. City of Miami*, 598 F.3d 753, 765 (11th Cir. 2010)).

Plaintiff's allegations do not show that Jackson or Sampson personally participated in any unconstitutional activity or otherwise had any causal connection with unconstitutional actions.

## CONCLUSION

Plaintiff's motion to amend (ECF No. 10) is **GRANTED**. Plaintiff's motion for a preliminary injunction (ECF No. 15) and motion for a court order to allow Plaintiff to obtain contact information (ECF No. 18) are **DENIED**. The action is **DISMISSED** without prejudice for both failure to state a claim upon which relief may be granted and failure to follow the Court's instructions. 28 U.S.C. § 1915A(b); Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 23rd day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT